929 So.2d 610 (2006)
Kathleen R. MACK, Appellant,
v.
WESTMINSTER SUNCOAST MANOR, Travelers Insurance, and C.L. Claims, Appellees.
No. 1D05-1776.
District Court of Appeal of Florida, First District.
May 8, 2006.
Joey D. Oquist, St. Petersburg, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
*611 Thomas A. Moore and Nicole Florentino of Moore, Peterson & Zeitler, P.A., Orlando, for Appellees.
PER CURIAM.
We affirm the dismissal of the claimant's petitions for benefits. Because the claimant had exhausted the grievance process under her managed care arrangement (MCA), the Judge of Compensation Claims (JCC) had jurisdiction over the claimant's petitions. However, the resolution of the petitions continued to be governed by the MCA. See § 440.134(16), Fla. Stat. (2003). The employer/carrier (e/c) has not denied the treatment requested by the claimant. Rather, the e/c has only dictated which provider will provide the treatment. Under the terms of the MCA, the e/c has sole authority to select a specialist and although the e/c may negotiate with the claimant on the matter, the e/c is not required to do so. Therefore, the JCC properly dismissed the claimant's petitions because the e/c has acted in compliance with the terms of the MCA.
AFFIRMED.
WOLF and DAVIS, JJ., concur; ERVIN, J., dissents with opinion.
ERVIN, J., Dissenting.
Claimant, Kathleen Mack, appeals from a final workers' compensation order dismissing two petitions for benefits seeking the authorization of a physiatrist for treatment of claimant's cervical radiculopathy, as recommended by her authorized treating physician, or the authorization of a pain-management physician from the employer/carrier's (E/C's) managed-care arrangement, and costs and attorney's fees. Despite finding the carrier estopped from relying on the defense of the claimant's failure to exhaust the grievance procedure before filing her petitions for benefits, the judge of compensation claims (JCC) inconsistently dismissed the petitions because she concluded that the managed-care procedures were not exhausted in that the E/C's offer to claimant of one specialist at a time complied with its managed-care arrangement.
The JCC's estoppel finding is supported by competent, substantial evidence. Among other things, the JCC found that the E/C failed to respond to claimant's documents that were clearly intended to invoke the grievance procedures; that rather than assisting the claimant in meeting the carrier's requirements to activate the grievance procedure, the carrier did nothing, and that by the time claimant filed her second petition for benefits on November 22, 2004, the carrier had sufficient time to process and act on claimant's first grievance, which claimant faxed to the E/C's adjuster on September 21, 2004, requesting a specific pain-management physician, as claimant's authorized physician had previously recommended in July 2004, which the adjuster received on August 5, 2004.
The carrier denied that it had received the grievances because they were not submitted on the forms it required; however, claimant's counsel presented certified mail receipts and fax confirmation sheets for each document submitted.[1] Because claimant's attorney forwarded the grievances, a simple telephone call would have been sufficient to clarify the proper form and procedure for filing grievances and/or submitting a request for a change in physician. Instead, the carrier's staff did nothing. Although an aggrieved employee is *612 precluded by section 440.192(3), Florida Statutes (2003), from filing a petition for benefits under chapter 440 until the employee has exhausted the grievance procedure of the managed-care plan, the JCC's determination of estoppel is, in my opinion, an effective finding that claimant had exhausted the grievance procedures.
The managed-care statute requires that the E/C provide services with reasonable promptness and that grievances be considered in a timely manner. See Begyn v. State Bus. & Prof'l Regulations, 849 So.2d 336, 338 (Fla. 1st DCA 2003). In Begyn, the E/C failed to provide the employee with information regarding the managed-care plan, including the grievance procedures, and then failed to respond to requests for medical services and to a letter properly characterized as a grievance within the time required by rules promulgated by AHCA. This court commented that "while section 440.134(16), Florida Statutes . . ., provides a presumption that a claimant has received all necessary benefits under a managed-care system, the statute does not create a presumption that the E/C necessarily fulfilled its notice duties in the grievance process." Id. at 339. We stated that "the legislature clearly did not contemplate that a request for medical benefits should be ignored for a protracted period of time; yet, this is precisely what happened in the present case." Id. at 338. We concluded by reversing the order denying claimant's request for authorization of a medical provider, and remanded the case with directions for the JCC to consider the claim on its merits.
Similarly, once the JCC made a finding in the present case that was tantamount to a determination that claimant had exhausted the grievance procedure, I conclude the JCC was, as in Begyn, obligated to consider and rule upon the merits of the petition for benefits. I would therefore reverse the order of dismissal and remand the case with directions that the E/C be required to treat the petition as a "request for service," to negotiate the choice of a pain-management specialist with the claimant within the seven to fourteen days set forth in the managed-care plan, and to grant claimant's request for costs and attorney's fees.
NOTES
[1] The managed-care materials of record fail to contain any statement that the carrier will not accept faxed documents.